IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) ) | |
| KENNETH SCOTT and JOANN SCOTT, | ) ) ) | |
| Defendants. | ) ) | |

## COMPLAINT

1. The United States of America files this Complaint pursuant to the Freedom of Access to Clinic Entrances Act of 1994 ("FACE"), 18 U.S.C. § 248.

2. The United States brings this lawsuit because Defendants, by force and by physical obstruction, intentionally injured, intimidated, or interfered, or attempted to do the same, with persons who sought or provided reproductive health services at Planned Parenthood of the Rocky Mountains ("PPRM" or "the facility"), in Denver, Colorado.

3. In bringing this action, the United States has reasonable cause to believe that Defendants, through their past, present, or future conduct, have violated or will continue to violate FACE, and have caused or will cause injury to persons seeking to obtain or provide reproductive health services at PPRM.

## JURISDICTION, STANDING, AND VENUE

4. This Court has jurisdiction over this action pursuant to FACE, 18 U.S.C. § 248(c)(2), and 28 U.S.C. § 1345.

5. Plaintiff has standing to initiate this action pursuant to FACE, 18 U.S.C. § 248(c)(2)(A).

6.     Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b)(2) because all of the events giving rise to this action occurred in this District.

## PARTIES

7.     Plaintiff is the United States of America.

8.     Defendant Kenneth Scott is an individual who engages in protest activities intended to injure, intimidate, or interfere with the right of persons seeking to obtain or provide reproductive health care services at PPRM and participated in the conduct described herein.

9.     Defendant JoAnn Scott is an individual who engages in protest activities intended to injure, intimidate, or interfere with the right of persons seeking to obtain or provide reproductive health care services at PPRM and participated in the conduct described herein.

## STATEMENT OF FACTS

10.    PPRM is the regional headquarters for Planned Parenthood in the Rocky Mountain region, and is located at 7155 East 38th Avenue, Denver, Colorado, 80207.

11.    PPRM houses staff and offices for the region, and provides reproductive health services, including abortion procedures. The clinic is open from Tuesday through Saturday, and receives patients from 8:00 am until noon.

12.    The PPRM facility consists of a main building and a parking lot for staff and patients, and these are enclosed by a fence. The PPRM facility is the only building within the enclosure. The primary means for entry and exit of vehicles and pedestrians to and from PPRM is through the driveway to the PPRM parking lot, which opens onto Pontiac Street. Abutting the driveway on either side is a sidewalk, which runs along Pontiac Street.

13.    Defendants Kenneth Scott and JoAnn Scott, and their associates regularly gather on the sidewalk and in the driveway outside PPRM during the hours the clinic is open, and patients

and staff are entering and exiting the facility. They typically bring large signs and placards expressing opposition to abortion.

14. Defendant Kenneth Scott routinely walks into or stands in the PPRM driveway or the street directly in front of the driveway as vehicles approach to enter or exit the facility.

15. Defendant Kenneth Scott walks into or stands in the PPRM driveway in order to injure, intimidate, or interfere with persons seeking or providing services from entering or exiting the PPRM parking lot.

16. At times, other protestors acting in concert with the Defendants, also walk into or stand in the PPRM driveway or the street directly in front of the driveway as vehicles approach to enter or exit the facility.

17. By walking into or standing in the PPRM driveway or the street as vehicles approach to enter or exit the facility, Defendant Kenneth Scott creates a physical obstruction and unreasonable hazard for persons seeking to enter or exit the facility because drivers must brake, stop, and/or alter their direction in order to avoid hitting Defendant, other protestors, and/or others entering or exiting the facility.

18. In addition to creating a physical obstruction by walking into and/or standing in the PPRM driveway as vehicles enter or exit, Defendant Kenneth Scott often stops vehicles in the middle of the driveway in order to talk to the vehicle occupants, creating an additional physical obstruction and rendering passage unreasonably hazardous for other persons seeking to enter or exit the facility.

19. As PPRM staff and clients enter and leave the facility, Defendants regularly yell anti-abortion rhetoric at them. Examples include "Baby-killer," "Murderer," "Abortionist," and statements that staff and clients will go to hell and are sinners.

Ken Scott Incidents

August 15, 2009 (8:23 a.m.)

20.     On August 15, 2009, at approximately 8:23 a.m., Defendant Kenneth Scott physically obstructed multiple vehicles attempting to enter and exit PPRM.

21.     As one car approached the driveway to exit the facility, Defendant Kenneth Scott walked into the driveway carrying a sign, impeding its entrance.

22.     Defendant Kenneth Scott remained standing in the middle of the driveway while two additional cars attempted to enter the facility, impeding their entrance.

August 15, 2009 (9:33 a.m.)

23.     On August 15, 2009, at approximately 9:33 a.m., Defendant Kenneth Scott and an unidentified protestor physically obstructed two vehicles attempting to exit and enter PPRM.

24.     Defendant Kenneth Scott and the unidentified protestor stood in the driveway as an individual driving a motorcycle approached to exit the facility.

25.     As the motorcyclist entered the driveway, Defendant Kenneth Scott, carrying a sign, walked in front of the motorcyclist, who was forced to stop.

26.     Meanwhile, another vehicle approached to enter the facility, and the unidentified protestor walked into the street toward the vehicle as it turned into the driveway.

27.     Both vehicles were forced to avoid Defendant Kenneth Scott and the unidentified protestor in order to use the driveway to exit and enter the facility.

August 15, 2009 (9:36 a.m.)

28.     On August 15, 2009, at approximately 9:36 a.m., Defendant Kenneth Scott and several unidentified protestors physically obstructed three vehicles attempting to enter and exit PPRM.

29.     An unidentified protestor stood in one side of the driveway, holding a sign, and did not move as a vehicle approached to enter the facility, causing the approaching vehicle to take a wide turn into the driveway in order to avoid her.

30.     The vehicle entered the driveway in the exit lane of the driveway, and Defendant Kenneth Scott, carrying a sign, walked into the driveway and approached the driver's side of the vehicle.

31.     At the same time, another vehicle approached from inside the parking lot in order to exit the facility.

32.     Because the first vehicle was already occupying the exit lane, both vehicles stopped, and the first vehicle reversed out of the driveway and into the street in order to allow the other vehicle room to exit.

33.     Neither Defendant Kenneth Scott nor the unidentified protestor moved out of the driveway, and when the first vehicle re-entered the driveway, Defendant Kenneth Scott approached the vehicle and started talking to the driver.

34.     While Defendant Kenneth Scott had the vehicle stopped in the middle of the driveway, a third car approaching to enter PPRM was forced to stop in the street, unable to enter.

35.     After PPRM's security guard directed the first vehicle to drive into the parking lot, an unidentified protestor approached the car waiting to enter and then moved into the driveway as the car turned, cutting off access to part of the driveway.

36.     Meanwhile, Defendant Kenneth Scott remained standing in the middle of the driveway, forcing the waiting vehicle to navigate between Defendant Kenneth Scott and the unidentified protestor, who were then both in the driveway.

September 30, 2009

37.     On September 30, 2009, beginning at approximately 9:48 a.m., Defendant Kenneth Scott created a physical obstruction for two vehicles attempting to enter and exit PPRM.

38.     As a vehicle turned into the driveway in order to enter PPRM, Defendant Kenneth Scott approached the vehicle and started talking to the driver, and the driver stopped the car in the exit lane of the driveway.

39.      Defendant Kenneth Scott, carrying a sign, knelt in the driveway next to the driver's side window and spoke to the occupant(s) of the car for more than four minutes.

40.     While Defendant Kenneth Scott had the first car stopped in the driveway, a vehicle exiting the facility was forced to use the entrance lane to exit because Defendant Kenneth Scott and the first car were stopped in the exit lane of the driveway.

41.     Another vehicle approaching to enter the facility was also obstructed while Defendant Kenneth Scott had the first car stopped in the driveway, and initially could not enter because of the obstruction created by Defendant Kenneth Scott speaking with the occupants of the first car in the middle of the driveway.

42.     After the first car moved, Defendant Kenneth Scott remained in the driveway as the waiting vehicle entered the facility, further impeding its entrance.

December 16, 2009

43.     On December 16, 2009, beginning at approximately 10:47 a.m., Defendant Kenneth Scott physically obstructed two vehicles attempting to enter and exit PPRM.

44.     Defendant Kenneth Scott stood in the middle of the PPRM driveway and did not move as a vehicle approached to enter the driveway, forcing the vehicle to brake and make a narrow turn into the driveway to avoid hitting Defendant Kenneth Scott.

45. With Defendant Kenneth Scott standing in the middle of the driveway, the car slowed as it turned into the driveway, and Defendant Kenneth Scott approached the driver's side window, and spoke with the occupant(s) of the car for more than four minutes.

46. While Defendant Kenneth Scott had the first car stopped in the driveway, a second vehicle attempted to exit the facility, but was initially unable to leave because of the obstruction created by Defendant Kenneth Scott speaking with the occupants of the first car in the middle of the driveway.

47. After a delay, Defendant Kenneth Scott moved away from the first car, but remained in the driveway, forcing the exiting car to squeeze between Defendant Kenneth Scott and the first car in order to exit the facility.

December 23, 2009

48. On December 23, 2009, at approximately 9:24 a.m., Defendant Kenneth Scott physically obstructed a vehicle attempting to enter PPRM.

49. Defendant Kenneth Scott walked into the PPRM driveway as a vehicle approached to enter the driveway.

50. The ground conditions were snowy and slippery, and the approaching vehicle skidded past the driveway and past Defendant Kenneth Scott.

51. As the vehicle reversed out of the skid, Defendant Kenneth Scott, still in the driveway, approached the passenger side of the vehicle.

52. As the vehicle continued to reverse, Defendant Kenneth Scott followed alongside it, walking in the driveway and then the street in front of the driveway, forcing the vehicle to back up and drive around him in order to enter the facility.

January 16, 2010

53. On January 16, 2010, at approximately 10:20 a.m., Defendant Kenneth Scott physically obstructed a vehicle attempting to enter PPRM.

54. As the vehicle approached to enter the PPRM driveway, it was forced to brake as three unidientified protestors, who had been standing in the driveway, moved.

55. While the vehicle was slowed to a near-stop, Defendant Kenneth Scott walked into the driveway and stopped in the middle, next to the front of the car.

56. Defendant Kenneth Scott did not move from this position, forcing the vehicle to turn narrowly to avoid Defendant Kenneth Scott as it continued to enter the facility.

February 4, 2010

57. On February 4, 2010, at approximately 9:48 a.m., Defendant Kenneth Scott physically obstructed two vehicles attempting to exit PPRM.

58. As a vehicle approached the driveway to exit the facility, Defendant Kenneth Scott walked into the driveway across its path, forcing the vehicle to slow down.

59. The car stopped in the middle of the driveway, and Defendant Kenneth Scott approached the vehicle and started talking to the occupant(s) of the car.

60. While Defendant Kenneth Scott had the first vehicle stopped in the driveway, another vehicle attempting to exit the facility was initially unable to leave.

61. After the first vehicle exited the facility, as the second vehicle continued into the driveway to exit, Defendant Kenneth Scott walked across the driveway towards the exiting vehicle, further impeding its egress.

December 2, 2010

62. On December 2, 2010, at approximately 10:22 a.m., Defendant Kenneth Scott physically obstructed multiple vehicles attempting to enter and exit PPRM.

63. As a vehicle approached to enter PPRM, Defendant Kenneth Scott, carrying a sign, walked into the middle of the driveway, forcing the vehicle to slow down and navigate around Defendant Kenneth Scott in order to avoid hitting him.

64. Because of Defendant Kenneth Scott's actions, the vehicle stopped in the middle of the driveway and Defendant Kenneth Scott approached the vehicle and started talking to the driver.

65. While Defendant Kenneth Scott had the first vehicle stopped in the driveway, another vehicle attempting to enter the facility was forced to stop and wait behind the stopped vehicle and Defendant Kenneth Scott.

66. Another vehicle then approached to enter the facility, and was also forced to wait while Defendant Kenneth Scott had the first vehicle stopped in the driveway, forming a line of three vehicles.

67. After the first vehicle continued into the parking lot, Defendant Kenneth Scott remained standing in the middle of the driveway as the second vehicle entered the facility, further impeding that vehicle's entrance.

68. As the third vehicle entered the driveway, Defendant Kenneth Scott walked towards the front of the vehicle, further narrowing the lane through which it could enter and impeding its entrance.

December 8, 2010

69. On December 8, 2010, at approximately 10:35 a.m., Defendant Kenneth Scott created a physical obstruction for two vehicles attempting to enter PPRM.

70. Defendant Kenneth Scott stood in the PPRM driveway as a vehicle approached to enter the facility, and as the vehicle turned into the driveway, Defendant Kenneth Scott approached it and held the sign he was carrying in front of the driver's side of the vehicle.

71. Because of Defendant Kenneth Scott's actions, the vehicle stopped in the middle of the driveway, and Defendant Kenneth Scott approached the vehicle and started talking to the driver.

72. While Defendant Kenneth Scott had the first car stopped in the driveway, another vehicle attempting to enter the facility was initially unable to enter.

73. Because Defendant Kenneth Scott continued to speak to the driver of the stopped vehicle, the second vehicle reversed, and then pulled around Defendant Kenneth Scott and the stopped vehicle, driving through the narrow gap between them and the gate in order to enter the facility.

JoAnn Scott Incidents

April 2, 2010

74. As a patient walked on Pontiac Street towards the PPRM driveway to enter the facility, Defendant JoAnn Scott approached her and followed alongside her telling her to not go into PPRM and telling her that if she went into PPRM, she would be "participating in murder."

75. While on Pontiac Street and before the client reached the PPRM driveway, Defendant JoAnn Scott placed her hand on the patient's shoulder.

76. On April 5, 2011, Defendant JoAnn Scott was convicted for this conduct under Colorado Revised Statute §§ 18-9-122(2) and 18-9-111( 1)(c) and 18-9-111(1)(h), which, among other things, prohibits knowingly obstructing, detaining, hindering, impeding, or blocking another person's entry to or exit from a health care facility, and harassment.

June 9, 2010

77. On June 9, 2010, at approximately 10:21 a.m., Defendant JoAnn Scott used force against an individual accompanying another person who was at the PPRM facility to seek reproductive health services.

78. As the individual stood on the sidewalk adjacent to the PPRM driveway, smoking a cigarette, Kenneth Scott and JoAnn Scott began yelling and screaming at the individual that God hated him and other anti-abortion statements.

79. During this altercation, the individual attempted to walk away from the Scotts. However, Defendant JoAnn Scott poked the individual in the back. Shortly thereafter, Defendant JoAnn Scott stepped forward and pushed the individual in the chest.

80. Immediately, Defendant Kenneth Scott restrained Defendant JoAnn Scott by grabbing both of her arms and physically moving her away from the individual. However, Defendant JoAnn Scott actively resisted Defendant Kenneth Scott, repeatedly trying to wrest free and move towards the individual.

81. At that point, the individual walked away from the Scotts, and was escorted into the facility by a PPRM security guard.

## FIRST CLAIM FOR RELIEF FOR VIOLATIONS OF 18 U.S.C. § 248
### (against Defendant Kenneth Scott)

82. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 73 as though fully set forth herein.

83. The actions of Defendant Kenneth Scott on August 15, 2009 at 8:23 a.m.; August 15, 2009 at 9:33 a.m.; August 15, 2009 at 9:36 a.m.; September 30, 2009; December 16, 2009; December 23, 2009; January 16, 2010; February 4, 2010; December 2, 2010; and December 8, 2010, as set forth herein in paragraphs 19 through 73, constituted physical obstructions, as defined by 18 U.S.C. § 248, in that they rendered impassable ingress to or egress from PPRM, or rendered passage to or from PPRM unreasonably difficult or hazardous.

84. Defendant Kenneth Scott's conduct, as described herein in paragraphs 19 through 73, violated FACE, 18 U.S.C. § 248, which prohibits individuals from using physical obstruction to intentionally injure, intimidate, or interfere with, or attempt to do the same, any person because that person is or has been, or in order to intimidate persons from, obtaining or providing reproductive health services.

85. Defendant Kenneth Scott undertook these actions in order to intimidate or interfere with, or in an attempt to intimidate or interfere with, PPRM staff, clients, and others because those persons were seeking or accompanying individuals seeking to obtain or provide reproductive health services, or in order to intimidate such persons from obtaining or providing reproductive health services.

86. Upon information and belief, unless restrained by this Court, Defendant Kenneth Scott will continue to engage in the conduct and practices alleged above.

### SECOND CLAIM FOR RELIEF FOR VIOLATIONS OF 18 U.S.C. § 248
(against Defendant JoAnn Scott)

87. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 19 and 74-81 though fully set forth herein.

88. The actions of JoAnn Scott on April 2, 2010 and June 9, 2010, as set forth herein in paragraphs 74 through 81, constitute uses of force intended to injure, intimidate, or interfere with, or attempt to injure, intimidate, or interfere with, PPRM clients and individuals accompanying clients seeking to obtain reproductive health services, or in order to intimidate persons from obtaining reproductive health services.

89. Defendant JoAnn Scott's conduct, as described herein in paragraphs 74 through 81, violated FACE, 18 U.S.C. § 248, which prohibits individuals from using force to intentionally injure, intimidate, or interfere with, or attempt to do the same, any person because that person is or has been, or in order to intimidate persons from, obtaining or providing reproductive health services.

90. Defendant JoAnn Scott undertook these actions in order to intimidate or interfere with, or in an attempt to intimidate or interfere with, PPRM staff, clients, and others because those persons were seeking or accompanying individuals seeking to obtain or provide reproductive health services, or in order to intimidate such persons from obtaining or providing reproductive health services.

91. Upon information and belief, unless restrained by this Court, Defendant JoAnn Scott will continue to engage in the conduct and practices alleged above.

## **PRAYER FOR RELIEF**

92. The Attorney General is authorized under 18 U.S.C. § 248(c)(2)(B) to seek permanent injunctive relief and compensatory damages from this Court for violations of FACE.

WHEREFORE, Plaintiff requests that this Court:

1. Permanently enjoin Defendants, their representatives, agents, employees, and others acting in concert or participation with them, from committing any of the following acts or aiding, abetting, directing, or inciting others to:

   a. Violate any provision of FACE, 18 U.S.C. § 248;

   b. Come within 25 feet of PPRM property, including the PPRM driveway;

   c. Violate any traffic and safety laws or ordinances applying to the PPRM driveway, Pontiac Street, and the sidewalks running alongside Pontiac Street;

2. Order Defendant JoAnn Scott to pay statutory compensatory damages in the amount of $5,000 to the PPRM patient as a person aggrieved by reason of Defendant JoAnn Scott's conduct in violation of FACE on April 2, 2010, as authorized by 18 U.S.C. § 248(c)(2)(B);

3. Order Defendant JoAnn Scott to pay statutory compensatory damages in the amount of $5,000 to the individual accompanying the PPRM patient as a person aggrieved by reason of Defendant JoAnn Scott's conduct in violation of FACE on June 9, 2010, as authorized by18 U.S.C. § 248(c)(2)(B);

4. Assess a civil penalty against Defendant Kenneth Scott in the amount of $10,000 to vindicate the public interest, as authorized by 18 U.S.C. § 248(c)(2)(B);

5. Assess a civil penalty against Defendant JoAnn Scott in the amount of $15,000 to vindicate the public interest, as authorized by 18 U.S.C. § 248(c)(2)(B); and

6. Grant any further relief that the Court deems just and proper.

Respectfully submitted,

THOMAS E. PEREZ
Assistant Attorney General
Civil Rights Division


JONATHAN SMITH
Chief
Special Litigation Section


JULIE K. ABBATE
Deputy Chief
Special Litigation Section


_/s/ Je Yon Jung_____
JE YON JUNG
AARON S. FLEISHER
Trial Attorneys
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Ave., NW
Washington, DC  20530
Telephone:  (202) 305-1457
Facsimile:  (202) 514-6903
E-mail:  Jeyon.jung@usdoj.gov
Attorneys for Plaintiff United States