**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 11-CV-01430-PAB-MEH

UNITED STATES OF AMERICA,

       Plaintiff,

v.

KENNETH SCOTT and
JOANN SCOTT,

       Defendants.

---

**PLAINTIFF UNITED STATES' RULE 12(f) MOTION TO STRIKE PURPORTED ANSWER FILED BY NON-PARTY TERRY SULLIVAN**

---

In accordance with Fed. R. Civ. P. 12(f), Plaintiff, the United States of America, through its undersigned attorneys, hereby moves the Court to strike Terry Sullivan's pleading, "Answer to Summons and Complaint of June 1st 2011 and to June 14th Request for Temporary Restraining Order in Civil Action Number 11-CV-1430 PAB MEH" ("Sullivan Answer") (Dkt. 21).[1]  Terry Sullivan is not a party to this action and therefore his purported Answer is not properly before this court.

On June 1, 2011, the United States filed its Complaint against Defendants Kenneth Scott and JoAnn Scott, alleging violations of the Freedom of Access to Clinic Entrances Act of 1994,

---

[1] On July 7, 2011, this Court denied without prejudice two motions filed by Mr. Sullivan for failure to comply with Fed. R. Civ. P. 11:  a July 5, 2011 Motion for Summary Dismissal (Dkt, 24), and a July 6, 2011 Motion for Summary Dismissal (Dkt. 26).  Because Mr. Sullivan is not a party to this case, the United States seeks to strike all of Mr. Sullivan's filings and any subsequent filings unless he properly moves for, and is granted, intervention as a party.

18 U.S.C. § 248 ("FACE").  On June 9, 2011, the United States filed a Motion for Preliminary Injunction against Defendant Kenneth Scott.  The Court has granted extensions of time to both Defendants Kenneth Scott and JoAnn Scott to respond to the Complaint and Motion for Preliminary Injunction.

Mr. Sullivan filed a purported Answer on June 23, 2011.   At this stage of an adversary proceeding, intervention by a non-party is governed by Federal Rule of Civil Procedure 24.  See Vibe Technologies, LLC v. Suddath,  No. 06-cv-00812, 2006 WL 3404811, at *5 (D.Colo. Nov. 22, 2006).  However, Mr. Sullivan has made no attempt to intervene under the authority of Rule 24, or under any other authority, and therefore his filing is not properly before the Court.

Federal Rule Civil Procedure 12(f), allows the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Mr. Sullivan's purported Answer concedes that the "Complaint names only Ken and Jo Scott as Defendants."  (Sullivan Answer at p. 1.).  Accordingly, Mr. Sullivan's Answer should be stricken as immaterial and impertinent to this action.

Mr. Sullivan's Answer attempts to argue that he is an "interested party" and therefore entitled to file pleadings in this matter because the United States' prayer for relief requests an injunction against the Scotts and "their representatives, agents, employees, and others acting in concert or participation with them . . .."  In addition to not being properly before this Court, this argument is, at best, premature. In accordance with Federal Rule of Civil Procedure Rule 65(d), persons bound by any injunction that may be issued by this Court in the future would be those who receive actual notice of the injunction and who are the Scotts' representatives, agents, employees, and others acting in concert or participation with them.  The fact that Mr. Sullivan

could potentially be an individual subject to an injunction order does not currently give him party status to file pleadings in this matter.

Mr. Sullivan is neither a party to this case, nor has he properly moved to intervene in this matter. Accordingly, Mr. Sullivan's Answer and any subsequent filings should be stricken unless and until he properly moves for, and is granted, intervention as a party.

                                        Respectfully submitted,

                                        THOMAS E. PEREZ
                                        Assistant Attorney General
                                        Civil Rights Division

                                        JONATHAN SMITH
                                        Chief
                                        Special Litigation Section

                                        JULIE K. ABBATE
                                        Deputy Chief
                                        Special Litigation Section

                                        _/s/ Je Yon Jung_____
                                        JE YON JUNG
                                        AARON S. FLEISHER
                                        Trial Attorneys
                                        U.S. Department of Justice
                                        Civil Rights Division
                                        Special Litigation Section
                                        950 Pennsylvania Ave., NW
                                        Washington, DC  20530
                                        Telephone:  (202) 305-1457
                                        Facsimile:  (202) 514-6903
                                        E-mail:  Jeyon.jung@usdoj.gov
                                        Attorneys for Plaintiff United States

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing United States' Rule 12(f) Motion to Strike Purported Answer Filed by Non-party Terry Sullivan was filed electronically using the CM/ECF system, which will provide notice of such filing to all registered parties, as well as mailed by first class mail to Terry Sullivan at 1526 East 35th Avenue, Denver, Colorado 80205.

Date:___July 13, 2011____

/s/ Je Yon Jung_____
JE YON JUNG
Senior Trial Attorney
U.S. Department of Justice
Civil Rights Division
Special Litigation Section
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530
(202) 305-145
Jeyon.jung@usdoj.gov