IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-01430-PAB-MEH

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KENNETH SCOTT and
JOANN SCOTT,

      Defendants.

## ORDER ON MOTION TO STRIKE

**Michael E. Hegarty, United States Magistrate Judge**.

      Before the Court is Plaintiff's Rule 12(f) Motion to Strike Purported Answer Filed by Non-Party Terry Sullivan [filed July 13, 2011; docket #31]. The motion has been referred to this Court for purposes of hearing and determining nondispositive motions and making recommendation on dispositive matters.[1]  Oral argument in this regard would not materially assist the Court in adjudicating the matter before it.  For the reasons that follow, the Plaintiff's motion is **granted**.

      This is an action for alleged violations of the Freedom of Access to Clinic Entrances ("FACE") Act, which was filed by the Plaintiff United States on June 1, 2011.  (Docket #1.) Plaintiff alleges that Defendants Kenneth Scott and Joann Scott "by force and by physical obstruction, intentionally injured, intimidated or interfered, or attempted to do the same, with persons who sought or provided reproductive health services at Planned Parenthood of the Rocky Mountains." (*Id.* at 1.)  Defendant Joann Scott responded to the Complaint by filing a Motion to

---

      [1]Because Mr. Sullivan is not a party to this case, the striking of his documents will not result in the disposition of a matter here.  Therefore, the matter is deemed nondispositive and is being handled by order pursuant to the Order of Reference in this case.

Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  (Docket #29.)  Defendant Kenneth Scott's answer or other response to the Complaint is due to be filed on or before August 15, 2011.  (*See* docket #23.)

On June 23, 2011, Terry Sullivan, who is not named as a Defendant in this action and does not appear to be an attorney admitted to practice before this Court, filed a document entitled "Answer to Summons and Complaint of June 1st 2011 and to June 14th request for a Temporary Restraining Order."  (Docket #21).  In addition, Mr. Sullivan has filed an "Amended Motion for Summary Dismissal" on July 12, 2011.  (Docket #33.)

Plaintiff filed its Motion to Strike on July 13, 2011, seeking to have the documents filed by Mr. Sullivan stricken because he is not a party to this case.  (Docket #31.)  Mr. Sullivan timely responded to the motion arguing that Plaintiff is incorrect that he has "no right to intervene" in this case.  (Docket #43.)  Plaintiff replies that Mr. Sullivan has raised no argument nor objection to the fact that he should have moved to intervene before filing documents in this case.  The Court agrees with Plaintiff.

Nonparty participation in an adversary proceeding is dependent upon intervention.  *See, e.g., In re Latimer*, 918 F.2d 136, 137 (10th Cir. 1990).  In federal court, intervention in an adversary proceeding is governed by Fed. R. Civ. P. 24.  In this case, Mr. Sullivan has made no attempt to intervene under the authority of Rule 24 or under any other authority.  As he is not a named party to this lawsuit, nor has he properly intervened, Mr. Sullivan may not file pleadings or other matters with the Court on behalf of himself or others in this case.  Additionally, there is no evidence that Mr. Sullivan is an attorney who is seeking to appear on behalf of the Defendants in this action.  By federal statute, non-attorney *pro se* litigants cannot represent other *pro se* parties.  *See* 28 U.S.C. § 1654.

While Plaintiff attempts to argue in its reply brief that Mr. Sullivan has demonstrated no

grounds upon which he should be allowed to intervene, the Court construes such argument to be premature. Mr. Sullivan has not yet taken the opportunity to seek permission for, and argue that he is entitled to, intervention under Rule 24.[2] Thus, the Court will grant Plaintiff's motion and direct the Clerk of the Court to strike the Answer and Motion for Summary Dismissal filed by Mr. Sullivan in this case. At the same time, the Court advises Mr. Sullivan that he, as any person interested in this case, may file a motion seeking permission to intervene in accordance with Rule 24 and the applicable case law interpreting the rule.

## **CONCLUSION**

For the foregoing reasons, the Court ORDERS as follows:

1. Plaintiff's Rule 12(f) Motion to Strike Purported Answer Filed by Non-Party Terry Sullivan [filed July 13, 2011; docket #31] be **granted**; and

2. The Clerk of the Court **strike**, in their entirety, the Answer [docket #21] and the Motion for Summary Dismissal [docket #33] filed by nonparty Terry Sullivan.

Dated at Denver, Colorado, this 9th day of August, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[2] "A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate paper." D.C. Colo. LCivR 7.1C.