IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01430-PAB-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KENNETH SCOTT, and
JOANN SCOTT,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court are a Motion for Permission to Intervene filed by Terry Sullivan [filed August 23, 2011; docket #62] and a Motion for Permission to Intervene filed by Ernie Gero [filed September 16, 2011; docket #74]. The motions are, in all material respects, identical and, thus, will be adjudicated together. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the motions have been referred to this Court for recommendation. The matters are briefed, and oral argument would not materially assist the Court in the adjudication of these matters. The Court respectfully recommends that, for the reasons that follow, the motions be **denied**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140,

## BACKGROUND

This is an action for alleged violations of the Freedom of Access to Clinic Entrances ("FACE") Act, which was filed by the United States on June 1, 2011. (Docket #1.) Plaintiff alleges that Defendants Kenneth Scott and Joann Scott "by force and by physical obstruction, intentionally injured, intimidated or interfered, or attempted to do the same, with persons who sought or provided reproductive health services at Planned Parenthood of the Rocky Mountains." (*Id.* at 1.) The United States and Defendant Joann Scott have reached a settlement and filed a motion to enter consent decree, which remains pending before the District Court. (*See* dockets #66 and #67.) Defendant Kenneth Scott filed a motion to dismiss the Complaint, which also remains pending before the District Court at this time. (*See* docket #59.)

Meanwhile, Terry Sullivan and Ernie Gero have filed identical motions, at issue here, seeking intervention "by right and/or by permission" as persons allegedly "targeted" by the injunctive relief sought by the United States. (*See* dockets #62 and #74.) Mr. Sullivan and Mr. Gero contend that the requested injunction "would keep all of us ['a small group which has been picketing Planned Parenthood for 22 years on a daily basis'] 25 feet from the driveway." (*Id.* at 1-2.)

In opposition to the motions, Plaintiff argues that Mr. Sullivan and Mr. Gero have no entitlement to intervention under any federal statute, including those mentioned in their motions (42 U.S.C. § 1983, 42 U.S.C. § 2000e ("Title VII"), or 42 U.S.C. § 1973 ("Voting Rights Act")) and that under which the current action exists (18 U.S.C. § 248 ("FACE")). In addition, Plaintiff contends the movants are not entitled to intervention under Fed. R. Civ. P. 24(a)(2) because they have no interest in the case and their lack of involvement in the case will not "as a practical matter impair or impede" their ability to protect any interests. Furthermore, Plaintiff asserts the movants should

---

155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

not be granted permission to intervene because any defenses they may have to a future speculative violation of a yet-undetermined injunction is premature and too attenuated from the questions of law or fact in this case. Plaintiff states the Defendants in the case are adequately represented by counsel and the movants provide no legal or factual basis for justifying an independent interest in the case that is different from those of the Defendants.

Movants reply repeating that they consider themselves among those characterized in the request for preliminary injunction as "others acting in concert with [Defendant]," and conclude arguing that "those whose first amendment rights will be suspended by this injunction [should] be allowed to intervene at this time." (*See* docket #91.)

The Defendants have filed no briefs concerning the present motions.

## **DISCUSSION**

As an initial matter, the Plaintiff argues that the proposed intervenors have failed to comply with Fed. R. Civ. P. 24(c), which requires that a proposed pleading accompany each motion. Neither Mr. Sullivan nor Mr. Gero attached proposed pleadings to their motions; therefore, this Court ordered that the movants supplement their motions by filing proposed pleadings "that set[ ] out the claim or defense for which intervention is sought" on or before October 14, 2011. (*See* docket #93.) Mr. Gero did not comply with the order. Mr. Sullivan filed a document titled, "Claim in Support of Motion for Permission to Intervene," in which he asserts a "claim" that his First Amendment Rights are being "targeted" by this lawsuit. (*See* docket #95.) While Mr. Sullivan sets forth several arguments in the document concerning whether his right(s) may be violated by a grant of the Plaintiff's requested injunctive relief,[2] the document does not contain the information necessary to constitute a proper Answer, as would be appropriate in this case. *See* Fed. R. Civ. P.

---

[2] In fact, the document fairly mimics the arguments set forth in Mr. Sullivan's motion to intervene.

3

7. As such, the Court is authorized to strike or deny the motions to intervene without prejudice. However, in the interest of judicial economy and in an effort to provide a complete and thorough discussion of the present motions, the Court will proceed to analyze the merits of the movants' requests to intervene.

The Court notes that the movants are proceeding here *pro se*. A federal court must construe a *pro se* party's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Rule 24 of the Federal Rules of Civil Procedure governs intervention in federal cases. The rule provides a mechanism by which parties may intervene as a matter of right or with the permission of the court. *See* Fed. R. Civ. P. 24 (2011).

### A. Intervention as a Matter of Right

Under Rule 24(a), on a timely motion, the court must permit a party to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2) (2011). The Tenth Circuit summarizes the requirements for intervention as a matter of right as: (1) the application is timely; (2) the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) the applicant's interest may as a practical matter be impaired or impeded by disposition of the action; and (4) the applicant's interest is not adequately represented by existing parties. *United States v. Albert Inv. Co., Inc.*, 585 F.3d 1386, 1391 (10th Cir.

2009) (citing *Utah Ass'n of Counties v. Clinton,* 255 F.3d 1246, 1249 (10th Cir. 2001)) (internal quotations omitted); *see also Wildearth Guardians v. United States Forest Serv.*, 573 F.3d 992, 995 (10th Cir. 2009).

      1.     Timeliness

Plaintiff does not dispute that the motions are timely. This action was filed June 1, 2011, and the first motion was filed less than three months later on August 23, 2011. The Court finds that the motions are timely filed.

      2.     Interest in the Subject Transaction

The "interest" required by Rule 24(a)(2) is not defined in the rule. However, the Tenth Circuit has determined that "the interest requirement is not a mechanical rule. It requires courts to exercise judgment based on the specific circumstances of the case." *Albert Inv. Co.*, 585 F.3d at 1392 (citing *San Juan Cnty. v. United States*, 503 F.3d 1163, 1199 (10th Cir. 2007) (en banc)) (internal quotations omitted). "At minimum, the applicant must have an interest that could be adversely affected by the litigation." *Id.* A threat of economic injury from the outcome of the litigation suffices as a requisite interest under Rule 24(a). *Id.* at 1393 (citing *Wildearth Guardians*, 573 F.3d at 996).

As to the contingency of an interest, the Tenth Circuit interpreted its opinion in *City of Stilwell v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038 (10th Cir. 1996), affirming that not *every* contingent interest fails to satisfy Rule 24(a)(2). *San Juan Cnty.*, 503 F.3d at 1202 (emphasis added). Rather, "[a]lthough the intervenor cannot rely on an interest that is wholly remote and speculative, the intervention may be based on an interest that is contingent upon the outcome of the litigation." *Id.* at 1203.

With these principles in mind, the Court finds that the movants have not stated a sufficient

interest in this litigation for intervention as a matter of right. Movants assert their interest by referring to the language from the proposed injunctive relief sought by Plaintiff: "Permanently enjoin Defendants, their representatives, agents, employees and *others acting in concert with them*, from committing any of the following acts or aiding, abetting, directing, or inciting others to ... Come within 25 feet of PPRM property, including the PPRM driveway." *See* Motions, dockets #62 and #74; *see also* Complaint, docket #1 at 14 (emphasis added). Movants contend that they are persons "acting in concert" with the Defendants. However, any stated interest in this case is either nonexistent or merely speculative; for the movants to be considered as "acting in concert" with the Defendants (as defined by the request for injunctive relief), they would need to be charged with or found in violation of the FACE Act. Movants are not defendants in this case and there is no indication of any allegations by the Plaintiff or others that they have committed FACE violations.

Therefore the Court agrees with the Plaintiff that the movants' interest, if any, is too attenuated to be sufficient under Rule 24(a).

### 3. Danger that Interest may be Impaired or Impeded

"To satisfy the impairment element of the intervention test, a would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied. This burden is minimal." *Wildearth Guardians*, 573 F.3d at 995 (quoting *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1253 (10th Cir. 2001)).

Here, the movants assert that the proposed injunction "would negate [their] first amendment rights and those of others acting in concert with the Scotts – picketing and leafletting with them." Dockets #62 and #74 at 1. Again, however, the movants' contention that they are "acting in concert" with Defendants is incorrect or, at the very least, speculative, since neither movant has been alleged to have committed FACE violations. Therefore, movants fail to meet even the minimal

burden of showing an impairment of any interest.

          4.      Adequate Representation by Existing Parties

"Even if an applicant satisfies the other requirements of Rule 24(a)(2), it is not entitled to intervene if its 'interest is adequately represented by existing parties.'" *San Juan Cnty.*, 503 F.3d at 1203. The Tenth Circuit has recognized a general presumption that "representation is adequate when the objective of the applicant for intervention is identical to that of one of the parties." *Id.* at 1204 (citing *City of Stilwell*, 79 F.3d at 1042) (internal quotations omitted).

"An intervenor need only show the *possibility* of inadequate representation." *Wildearth Guardians*, 573 F.3d at 996 (emphasis in original). The burden is minimal; "[t]he possibility of divergence of interest need not be great in order to satisfy the burden of the applicants." *Id.* (citing *Coalition of Ariz./N.M. Counties for Stable Econ. Growth v. Dep't of the Interior*, 100 F.3d 837, 844-45 (10th Cir. 1996)); *see also San Juan Cnty.*, 503 F.3d at 1203 ("a prospective intervenor need make only a minimal showing to establish that its interests are not adequately represented by existing parties").

In this matter, movants make no showing of any inadequate representation of their purported interests in this litigation. In fact, they align themselves with the Defendants by claiming that they, too, wish to assert their First Amendment rights. The Defendants are each represented by separate counsel; neither of the movants assert any "divergence of interest" from the Defendants necessary to show a possibility of inadequate representation.

The movants have failed to demonstrate they are entitled to intervention as of right pursuant to Fed. R. Civ. P. 24(a). Accordingly, this Court recommends that the motions to intervene be denied in this respect.

      B.      <u>Permissive Intervention</u>

In addition to finding that the movants have failed to establish rightful intervention, the Court recommends that the movants be denied intervention pursuant to Rule 24(b)(1)(B).

Rule 24(b) provides that, upon a timely motion, a court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact. *See* Fed. R. Civ. P. 24(b)(1)(B) (2011). In exercising its discretion whether to allow intervention, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3) (2011); *see also Wilderness Soc'y, Ctr. for Native Ecosystems v. Wisely*, 524 F. Supp. 2d 1285, 1294 (D. Colo. 2007). In addition, once the threshold requirement of a common question of law or fact is satisfied, courts may consider such factors as: (1) whether the would-be intervenor's input adds value to the existing litigation; (2) whether the petitioner's interests are adequately represented by the existing parties; and (3) the availability of an adequate remedy in another action. *See Lower Arkansas Valley Water Conservancy Dist. v. United States*, 252 F.R.D. 687, 690-91 (D. Colo. 2008).

        1.     Undue Delay

As set forth above, the Court has already determined the motions to be timely filed; therefore, any intervention at this stage of the litigation would cause no undue delay in the case.

        2.     Common Question of Law or Fact

Pursuant to Rule 24(b)(1)(B), permission to intervene may be granted to a person having "a claim or defense that shares with the main action a common question of law or fact." Again, as set forth herein, the Court finds the movants do not have a sufficient interest in this case and, thus, their purported defense shares no common question in this lawsuit. Contrary to their assertions, they are not "acting in concert" with the Defendants, as defined by the Plaintiff's request for injunctive relief, unless they have been charged with or found in violation of the FACE Act. Having shown no

common question of law or fact, the movants should not be permitted to intervene.

        3.    *Lower Arkansas Valley* Factors

Although it is not necessary to proceed to an analysis of additional factors that may be considered for intervention, the Court notes that it has already determined there is adequate representation of the movants' purported interests in this case, and adds that the movants have indicated no "input" that would add value to this case. Moreover, if the movants are, in the future, alleged to have violated the FACE Act while acting in concert with the Defendants, they will certainly have the opportunity to defend themselves at that time.

In sum, the movants have failed to show they have a claim or defense that shares with this litigation a common question of law or fact. Moreover, the *Lower Arkansas Valley* factors weigh against permitting movants to intervene. Therefore, this Court recommends that the District Court deny the motions for permission to intervene in this case.[3]

## **CONCLUSION**

Accordingly, and based on the foregoing, this Court respectfully RECOMMENDS that the Motion for Permission to Intervene filed by Terry Sullivan [filed August 23, 2011; docket #62] and the Motion for Permission to Intervene filed by Ernie Gero [filed September 16, 2011; docket #74] be **denied**.

Dated at Denver, Colorado, this 19th day of October, 2011.

                            BY THE COURT:

                            *Michael E. Hegarty*

                            Michael E. Hegarty
                            United States Magistrate Judge

---

[3]Nothing in this Recommendation should be construed as negating the movants' ability to serve as witnesses or amici curiae in this action.