IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01430-PAB-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KENNETH SCOTT,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

    Before the Court are Plaintiff's Renewed Motion for a Protective Order [filed October 19, 2011; docket #103] and Defendant Kenneth Scott's Motion for Entry of Blanket Protective Order [filed November 10, 2011; docket #109]. The motions are referred to this Court for disposition. (Dockets #104 and #114 respectively.) The matters are sufficiently briefed, and oral argument would not assist the Court in its adjudication of the motions. For the reasons stated below, the Court **grants in part** and **denies in part** Plaintiff's and Defendant's motions.

    The parties have submitted competing protective orders, differing in certain critical respects. At the Court's direction, the parties have submitted proposed protective orders in the form prescribed in *Gillard v. Boulder Valley School District RE-2*, 196 F.R.D. 382 (D. Colo. 2000), which is the standard used in litigation before me and is almost uniformly required by the other judicial officers in this District. One difference in Plaintiff's proposed form is that it seeks to shift the burden of filing a motion to contest the designation of any witness or victim as confidential, after the parties attempt to reconcile their differences. Plaintiff asks that the burden of filing fall on the

objector, rather than the party seeking to maintain confidentiality, as required by virtually all *Gillard* protective orders. Plaintiff's entire argument supporting its position is contained in these two sentences:

> Given that all of the witnesses for the United States are involved in providing or obtaining reproductive health services, and thus are subject to harassment if their identities are disclosed, and given Defendant's and his counsel's previous misconduct, the default assumption should be that, absent a compelling reason to allow for the public dissemination of their identities, their identities should not be publicly disclosed. Thus, it is appropriate for the party objecting to the confidential designation to have the burden of demonstrating why such designation is not warranted.

Renewed Motion, at 6. First, I do not agree with the *ipse dixit* that the witnesses described by the Plaintiff are "subject to harassment." This has not even been alleged *in fact* in this case, let alone proven by any level of evidence. Second, if the Plaintiff believes that misconduct has occurred by either opposing counsel or the Defendant, Plaintiff should use the already established means in the Federal Rules of either punishing misconduct or compelling appropriate future conduct. I do not believe the Plaintiff has established a sufficient basis for shifting the burden of proof and, thus, this request is denied.

Plaintiff also asks that the protective order be permitted to "provid[e] for victims or witnesses who were patients and companions of patients to be referred to in all public filings or proceedings as John or Jane Doe." Renewed Motion at 3. Plaintiff acknowledges that such a request has no basis in the Federal Rules but has found explicit recognition in the Supreme Court's abortion cases.

Defendant objects, noting that he has obtained, through publicly available sources (including from a state court criminal action against former Defendant Jo Ann Scott), identities of several such victims/witnesses and should not be restricted by this Court regarding appropriate use of such information.

First, I do not believe the present case to be analogous to the abortion cases, in which the plaintiffs were persons who were seeking to obtain abortions that were, at the time, illegal. Here, the United States government, as Plaintiff, is bringing the full force of federal law and authority on a private individual, seeking monetary and injunctive relief. More importantly, however, I am persuaded by the Tenth Circuit's decision in *United States v. McVeigh*, 119 F.3d 806 (10th Cir. 1997), in which the court more than implies that the judiciary should not restrict dissemination of information obtained outside the litigation process. *Id.* at 815 (noting that, in *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 31-34 (1984), the Court upheld protective orders "protecting the confidentiality of discovery materials produced in pretrial discovery when the order *does not restrict the dissemination of such information if* later introduced at trial or *otherwise obtained through means independent of the court's process.*") (emphasis added). *See also Gillard*, 196 F.R.D at 386 ("A protective order, of course, prevents only the disclosure of information obtained solely as the result of court sanctioned discovery. A party is free to disseminate as it wishes information lawfully obtained through other means.") (citation omitted).

I do believe, consistent with *Gillard* and the Tenth Circuit, that to the extent Defendant learns of alleged victims or witnesses through discovery in this litigation, the identity of such persons may be protected from public disclosure through the use of a protective order in the nature requested by the United States, including the use of pseudonyms. Of course, Defendant is entitled

3

to know the actual identity of such persons, but will be restricted by the protective order concerning the lawful use of such identities.

Finally, with regard to Defendant's motion, which addresses the same issues as Plaintiff's motion, no further briefing is necessary, and the analysis above disposes of the motion, as does the Protective Order entered by the Court.

Accordingly, the Court **grants in part** and **denies in part** Plaintiff's Renewed Motion for a Protective Order [filed October 19, 2011; docket #103] and Defendant Kenneth Scott's Motion for Entry of Blanket Protective Order [filed November 10, 2011; docket #109] as stated herein. A Protective Order consistent with this opinion is filed contemporaneously with this order.

Dated and entered at Denver, Colorado, this 15th day of November, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge