IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01430-PAB-MEH

UNITED STATES OF AMERICA,

       Plaintiff,

v.

KENNETH SCOTT,

       Defendant.

___

### PROTECTIVE ORDER
___

**Michael E. Hegarty, United States Magistrate Judge**.

       Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness or person providing discovery in this case,

IT IS ORDERED:

       1.    This Protective Order shall apply to all documents, materials and information, including without limitation: documents produced; answers to interrogatories; responses to requests for admission; deposition testimony; and other information obtained in discovery or by disclosures pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

       2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

       3.    Information designated "CONFIDENTIAL" shall be information which is confidential and implicates common law and statutory privacy interests of witnesses who were persons (or companions or family members of such persons) obtaining or providing abortion

services, whose identities are disclosed through discovery during this litigation and who are involved in this litigation as witnesses or otherwise.

    (a)    Such information SHALL INCLUDE, for example, the name, address, telephone number, social security numbers, e-mail address, date of birth, photograph, electronic image, physical description, or any other personal or identifying information susceptible to disclosing the person's identity (hereinafter "identifying information") related to such witnesses.

    (b)    Such information SHALL NOT INCLUDE information which is obtained by means outside of the disclosures and discovery in this case.

4.    CONFIDENTIAL information shall not, without the consent of the party producing it or further Order of the Court, be disclosed to third parties, the public, or to government agencies, or used for any purpose other than the investigation, preparation and trial of this case, *except that* such information may be disclosed to:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the parties;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)  stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)  deponents, witnesses, or potential witnesses; and

    (h)  other persons by written agreement of the parties.

  5.  Further, all witnesses described in paragraph 3 whose identities are disclosed through discovery during this litigation and who are involved in this litigation as witnesses or otherwise shall be referred to in all public filings or proceedings as John or Jane Doe.

  6.  Prior to disclosing any CONFIDENTIAL information to any person listed in paragraph 4 above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

  7.  Counsel shall designate documents containing CONFIDENTIAL information by placing or affixing on them in a manner that will not interfere with their legibility, the following notice: "THIS DOCUMENT IS CONFIDENTIAL AND SUBJECT TO PROTECTIVE ORDER."

  8.  Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of a deposition as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given

to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of information as CONFIDENTIAL by giving written notice of objection to the designating party. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, the party designating the information as CONFIDENTIAL shall file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. At the conclusion of this case and the expiration of time for appeal, unless other arrangements are agreed upon, each document, deposition, and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it as such. Alternatively, the parties may agree to destroy the designated documents, depositions, and all copies thereof, whereupon the destroying party shall deliver an affidavit confirming destruction to all parties.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 15th day of November, 2011, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge