IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01430-PAB-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KENNETH SCOTT,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Defendant Kenneth Scott's Motion for Protective Order Staying Discovery Until After Case Is At Issue [filed November 10, 2011; docket #111]. The motion is referred to this Court for disposition. (Docket #114.) Although a response is not yet due, the Court does not need the benefit of Plaintiff's position on the matter. The Court **denies** Defendant's motion.

Defendant seeks a stay of the case on two principal grounds. First, Defendant has a pending motion to dismiss. Second, Defendant does not yet know the identities of all his accusers concerning his alleged efforts to block the entrance of the Planned Parenthood of the Rocky Mountains clinic. With regard to the second reason, I am entering a protective order that will govern the exchange of information and, therefore, will assume that Plaintiff will immediately disclose the identifies of potential witnesses. As for a stay pending a decision on the motion to dismiss, such a stay is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02519-PSF-BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (unpublished). Typically, in evaluating a

request for a stay of discovery, the following five factors guide the Court's determination:

> (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

*Id.* (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PAC, 2006 WL 894955 at *2 (D. Colo. Mar. 30, 2006)); *see also Golden Quality Ice Cream Co. v. Deerfield Speciality Papers, Inc.*, 87 F.R.D. 53, 56 (E.D. Pa. 1980).

Consideration of the *String Cheese* factors does not support a stay here. As noted by Defendant in docket #107, a hearing on the Plaintiff's Motion for Preliminary Injunction is scheduled for January 26, 2012. A stay of discovery at this point would be antithetical to Judge Brimmer's ability to receive all relevant evidence and, thus, would not, on the whole, result in convenience to the Court.[1] Moreover, the Plaintiff will be seeking a mandatory preliminary injunction, requiring the nonmoving party to take affirmative action (in this case, moving from and remaining at a certain distance from the entrance of the Planned Parenthood facility), which requires a "heightened showing of the four factors" that support injunctive relief. *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1209 (10th Cir. 2009). Given the burden that the Plaintiff will have at the January 12, 2012 hearing, it would be unjust to restrict its ability to obtain discovery at this point and would unduly prejudice the Plaintiff.

In addition, the Plaintiff, the United States government, is allegedly asserting the public interest, and any stay would be contrary to a speedy determination of the First Amendment rights

---

[1] Also with respect to judicial efficiency in this Court, it is the policy in this district not to stay discovery pending a ruling on dispositive motions unless under exceptional circumstances. *See Chavez*, 2007 WL 683973, at *2.

which appear to collide in this case. Finally, the majority of nonparties whose interests are intimately associated with this case are the persons who use, have used, work at, or have worked at the Planned Parenthood facility. The United States will likely bring these people into this case as witnesses, and the United States is opposed to the relief requested in Defendant's motion. The only factor potentially weighing in Defendant's favor is number 4, but that by itself is an insufficient basis for a stay here.

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant Kenneth Scott's Motion for Protective Order Staying Discovery Until After Case Is At Issue [filed November 10, 2011; docket #111] is **denied**.

Dated at Denver, Colorado, this 15th day of November, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge