IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01430-PAB-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KENNETH SCOTT,

    Defendant.

**ORDER ON UNITED STATES' (1) MOTION TO COMPEL
DEFENDANT TO PRODUCE DOCUMENTS, and (2) MOTION
TO DEEM REQUESTS FOR ADMISSION ADMITTED**

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are Plaintiff's Motion to Compel Defendant to Produce Documents and Motion to Deem Requests for Admission Admitted [filed December 21, 2011; dockets ##141, 142]. These motions are referred to this Court for disposition. (Docket #143.) The matters are briefed, and oral argument would not assist the Court in its adjudication of the motions. For the reasons stated below, the Court **denies** the motions.

The United States brings this action against Defendant, Kenneth Scott, under the Freedom of Access to Clinic Entrances Act of 1994, 18 U.S.C. § 248 ("FACE Act"). The FACE Act provides both criminal and civil penalties against anyone who:

> by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services.

*Id.* at § 248(a)(1). The United States alleges that Scott engaged in the conduct prohibited by this provision. Such conduct can be the target of successive civil and criminal actions by the United States without violating the Double Jeopardy Clause, a situation which I view as analogous to the civil forfeiture statutes. "[T]he fact that the behavior proscribed by the forfeiture was already a crime [is] insufficient to turn the forfeiture into a punishment subject to the Double Jeopardy Clause. *United States v. Ursery*, 518 U.S. 267, 278 (1996). In *Ursery*, the United States commenced forfeiture proceedings against property allegedly used to manufacture marijuana and later commenced a criminal prosecution. *See also United States v. Citgo Petroleum Corp.*, 697 F. Supp. 2d 670, 671 (W.D. La. 2010) (company prosecuted and fined criminally for environmental violations may also be sued by the United States for civil violations based on same conduct).

Based on his fear of criminal prosecution for the acts alleged in this civil lawsuit, Scott has asserted his Fifth Amendment right against self incrimination by declining to produce documents sought by the United States and by declining to respond to the United States' requests for admission. Specifically, the document requests seek documents (including video or audio recordings, internet postings, blogs, transcripts of interviews or talk shows, letters, e-mails and other forms of communication) relating to Scott's conduct at the Planned Parenthood of the Rocky Mountains (PPRM) facility (where he is alleged to have violated the FACE Act); expression of his views on abortion; expression of his views of this lawsuit; and local or national strategies or methods on preventing abortion. The requests for admission seek to have Scott admit that the PPRM site provides abortion services; that PPRM is the only building at the location where Scott was filmed talking with persons in vehicles ingressing and egressing a fenced area; and that Scott entered the PPRM driveway on various occasions with the intent to communicate about abortion with the

occupants of the vehicles. He is also asked to admit certain facts about the vehicles.

The United States contends that to properly invoke the Fifth Amendment, Scott "'must demonstrate that [he has] a reasonable cause to apprehend danger upon giving a responsive answer that would support a conviction, or would furnish a link in the chain of evidence needed to prosecute them for a violation of criminal statutes." . . . [T]he risks of incrimination resulting from [his] compelled testimonial communications [must] be real, not merely trifling or imaginary, hazards of incrimination.'" Motion at 4-5 (quoting *United States v. Schmidt*, 816 F.2d 1477, 1481 (10th Cir. 1987)). I must decide whether Scott's apprehension here is reasonable.

Let me first contrast Scott's current posture with that of Michael Bray, a pro-life activist who was found civilly liable in a federal lawsuit (not initiated by the United States) in Oregon. After the monetary judgment, the judgment creditor sought to collect on the judgment against Bray's assets in Ohio. As part of that process, the judgment creditor sought to compel a judgment debtor examination against Bray. Bray refused to answer questions on Fifth Amendment grounds, contending that his answers about his finances may lead to future prosecution under the FACE Act. The Magistrate Judge in the Southern District of Ohio did not find a reasonable fear of prosecution, and the District Judge affirmed "the Magistrate Judge's rejection of Bray's argument that civil liability in the Oregon case is a reasonable basis for a belief that testifying now regarding his assets could expose him to criminal prosecution." *Planned Parenthood of Columbia/Willamette, Inc. v. American Coalition of Life Activists*, No. 05-MC-002, 2006 WL 508783, at 4 (S.D. Ohio Mar. 1, 2006). Both the Magistrate Judge and District Judge made a judgment call that Bray's apprehension was not reasonable. The District Judge noted that "Bray would not subject himself to an objectively reasonable threat of prosecution. Testimony related to such matters as whether he has co-workers,

3

the names of individuals who may be supporting him, and other matters relating to sources of income or location of assets neither criminally implicates Bray nor provides a link in a chain of events that could reasonably lead to prosecution." *Id.* at 5. I must likewise decide whether Kenneth Scott's apprehension is reasonable under the circumstances of this case. I find that it is.

In a hearing before me, the United States acknowledged that it could pursue criminal charges against Scott at some later date and, at least up to this point, the United States has declined to provide prosecutorial immunity to Scott. The evidence that the United States seeks here goes to the heart of its civil FACE Act claim, or else it would be subject to objection on relevance grounds. Thus, the admissions and information that the United States asks me to compel from Kenneth Scott go to the heart of whether Scott may have committed a federal crime, they are being sought by the same entity that would have jurisdiction to prosecute Scott for a criminal FACE Act violation, and there is no bar at this time to prosecution for that crime, nor even an oral commitment that the government has no intention of pursuing a criminal case (indeed, this civil case is being litigated by the Department of Justice's office in Washington, D.C., and it is likely that such decision to prosecute could be made by the local United States Attorney's Office without permission from someone in Washington[1]). *See Lefkowitz v. Turley*, 414 U.S. 70, 77 (1973) (stating that the Fifth Amendment privilege allows one "not to answer official questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings"). "The Fifth Amendment privilege against self-incrimination is one of the

---

[1] "[T]he United States Attorney 'is vested with broad discretion to protect the public from crime, such discretion being derived both from statutory grant and the authority of the Attorney General at common law.'" *Maddox v. Elzie*, 238 F.3d 437, 448 (D.C. Cir. 2001); "The United States Attorney is the prosecutorial arm of Government . . . ." *Suggs v. United States*, 391 F.2d 971, 975 (D.C. Cir. 1968).

cornerstones of the American constitutional system of criminal procedure and must be liberally construed to achieve its protective purpose." *United States v. Pardo*, 636 F.2d 535, 542 (D.C. Cir. 1980).

Accordingly, the Court **denies** the United States' Motion to Compel Defendant to Produce Documents and Motion to Deem Requests for Admission Admitted [filed December 21, 2011; dockets ##141, 142].

Dated and entered at Denver, Colorado, this 4th day of January, 2012.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge