IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01430-PAB-MEH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KENNETH SCOTT,

    Defendant.

## ORDER

This matter is before the Court on defendant Kenneth Scott's renewed motion to dismiss [Docket No. 59]. The motion is fully briefed and ripe for disposition.

## I. BACKGROUND

In its complaint [Docket No. 1], the United States alleges that defendant Kenneth Scott regularly protests abortion near the entranceway to the parking lot of Planned Parenthood of the Rocky Mountains ("PPRM"). The staff of PPRM provides reproductive health services, including abortion procedures. The driveway is the primary means for entry and exit of vehicles and pedestrians to and from PPRM.

The United States alleges that, in addition to protesting through expressive conduct, defendant walks into the entranceway when vehicles approach, in an attempt to physically obstruct the vehicles from entering or leaving the PPRM parking lot in violation of the Freedom of Access to Clinic Entrances Act ("FACE"), 18 U.S.C. § 248. For example, the United States alleges that, on December 16, 2009, defendant "stood

in the middle of the PPRM driveway and did not move as a vehicle approached to enter the driveway, forcing the vehicle to brake and make a narrow turn into the driveway to avoid hitting Defendant Kenneth Scott." Docket No. 1 at 6, ¶ 44. The complaint further alleges that, on December 2, 2010, "[a]s a vehicle approached to enter PPRM, [d]efendant Kenneth Scott, carrying a sign, walked into the middle of the driveway, forcing the vehicle to slow down and navigate around Defendant Kenneth Scott in order to avoid hitting him," and that, "[b]ecause of [d]efendant Kenneth Scott's actions, the vehicle stopped in the middle of the driveway . . . ." Docket No. 1 at 9, ¶¶ 63-64; *see* Docket No. 1 at 4, ¶ 25 ("As the motorcyclist entered the driveway [to exit the facility], Defendant Kenneth Scott, carrying a sign, walked in front of the motorcyclist, who was forced to stop."). The complaint alleges that these alleged acts of physical obstruction are aimed at interfering with persons who sought or provided reproductive health services at PPRM.

Defendant seeks dismissal of the complaint on four main grounds: (1) that the civil penalty sought by the United States is so severe as to constitute a criminal sanction, (2) that the complaint seeks to sanction him for protected expressive conduct, (3) that his conduct cannot violate FACE to the extent it occurred "within a public right of way," and (4) that the United States failed to plead that his alleged victims fell within a protected class of individuals.

## II. STANDARD OF REVIEW

Defendant entitled his motion as a motion "to dismiss" and requests that the complaint "be dismissed." Docket No. 59 at 1, 3. He has also, however, submitted a number of affidavits and cited Federal Rule of Civil Procedure 12(d), which provides

that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion."). It is, therefore, not entirely clear under which rule defendant is proceeding. A review of his arguments, however, reveals that the motion to dismiss does not rely upon any of the evidence he has submitted. For instance, defendant's argument that the United States is seeking to sanction him for expressive conduct focuses upon the allegations in the complaint. *See* Docket No. 59 at 5. Similarly, although defendant does contend that the evidence he submits demonstrates that the acts alleged occurred on a "public right of way," Docket No. 59 at 6, he seeks dismissal based upon his contention that the government failed to allege that "exculpatory information." *Id.*

Moreover, to the extent defendant sought to have his motion considered pursuant to Federal Rule of Civil Procedure 56, he was required to comply with Rule 56, the Local Rules, and this Court's Practice Standards, which he has failed to do. *See* Fed. R. Civ. P. 56(c)(1)(A) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."); D.C.COLO.LCivR 56.1A ("A motion under Fed. R. Civ. P. 56 for summary judgment . . . shall include a statement of undisputed facts . . . ."); Practice Standards (Civil cases), Judge Philip A. Brimmer § III.F.3. For these reasons, the Court has not considered and will exclude the outside

evidence submitted by defendant in support of his motion, which shall be resolved pursuant to Federal Rule of Civil Procedure 12(b)(6).

"The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's Complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations omitted). In doing so, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quotation marks and citation omitted). At the same time, however, a court need not accept conclusory allegations. *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d 1227, 1232 (10th Cir. 2002).

Generally, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (omission marks, internal quotation marks, and citation omitted). The "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008).

However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950 (2009) (internal quotation marks and alteration marks omitted). Thus, even

though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (quotation marks and citation omitted).

### III. DISCUSSION

FACE subjects to sanction

> [w]hoever . . . by force or threat of force or by physical obstruction, intentionally injures, intimidates or interferes with or attempts to injure, intimidate or interfere with any person because that person is or has been, or in order to intimidate such person or any other person or any class of persons from, obtaining or providing reproductive health services[.]

18 U.S.C. § 248(a)(1). In addition to providing for criminal penalties, *see* 18 U.S.C. § 248(b), FACE authorizes the United States to commence a civil action to enforce the statute's provisions, as it has done here. *See* 18 U.S.C. § 248(c)(2)(A). If the United States succeeds in such a civil action, the Court "may award appropriate relief, including temporary, preliminary or permanent injunctive relief, compensatory damages, and civil penalties as described in paragraph (2)(B)," which provides in pertinent part for imposition of a fine "in an amount not exceeding $10,000 for a nonviolent physical obstruction." 18 U.S.C. § 248(c)(3) & (c)(2)(B).

In his motion, defendant argues that he is being unconstitutionally subjected to criminal sanctions in this civil proceeding. *See* Docket No. 59 at 7. Defendant argues that the nature of the civil penalty in this matter is so severe as to constitute a penal sanction, relying on *United States v. Ward*, 448 U.S. 242 (1980).[1] "Whether a statutory

---

[1]Defendant contends that a statute may not "mak[e] civil and criminal offenses out [sic] the same acts." Docket No. 59 at 3. Defendant cites no authority for such a

penalty is civil or criminal is a matter of statutory construction which involves a two-part inquiry: (1) whether the legislature, in establishing the penalty, indicated either expressly or impliedly a preference for one label or the other; (2) if the legislature has indicated its intention to establish a civil penalty, whether the statutory scheme 'is so punitive either in purpose or effect as to negate that intention.'" *Duncan v. Norton*, 974 F. Supp. 1328, 1332 (D. Colo. 1997) (quoting *Ward*, 448 U.S. at 248-49).[2] FACE expressly reveals Congress' intention that the penalty sought in this case by the government is a civil remedy. *See* 18 U.S.C. § 248(c) ("Civil remedies"). Furthermore, there is nothing about the nature of the remedies provided in § 248(c) that are "so punitive either in purpose or effect as to negate that intention." *Ward*, 448 U.S. at 248-49. To the contrary, the available injunctive and monetary remedies under § 248(c) are

---

*per se* rule, and the United States Code contains other statutes, such as the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1961 *et seq.*, and the Endangered Species Act ("ESA"), 16 U.S.C. § 1531 *et seq.*, that impose both criminal and civil consequences for particular conduct.

[2]*See Hudson v. United States*, 522 U.S. 93, 99-100 (1997) (noting that, "[i]n making this latter determination," the certain factors "provide useful guideposts, including: (1) '[w]hether the sanction involves an affirmative disability or restraint'; (2) 'whether it has historically been regarded as a punishment'; (3) 'whether it comes into play only on a finding of *scienter*'; (4) 'whether its operation will promote the traditional aims of punishment-retribution and deterrence'; (5) 'whether the behavior to which it applies is already a crime'; (6) 'whether an alternative purpose to which it may rationally be connected is assignable for it'; and (7) 'whether it appears excessive in relation to the alternative purpose assigned.'") (quoting *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 168-69 (1963)); *see also Ward*, 522 U.S. at 249 ("This list of considerations, while certainly neither exhaustive nor dispositive, has proved helpful in our own consideration of similar questions and provides some guidance in the present case.") (citations omitted).

quintessentially civil.[3]  *See Hudson v. United States*, 522 U.S. 93, 104 (1997) (stating that "money penalties" have not "historically been viewed as punishment").  Defendant argues that it is significant that FACE's legislative history reveals that the civil penalty was intended to serve as an additional deterrent.  *See* Docket No. 59 at 11.  The Supreme Court, however, has stated that the "mere presence of [a deterrent] purpose is insufficient to render a sanction criminal, as deterrence 'may serve civil as well as criminal goals.'"  *Hudson*, 522 U.S. at 105.

And, in any event, defendant's argument regarding the severity of the monetary penalty is misreading of the statute.  He argues that the civil penalty amount is a "minimum of $10,000."  Docket No. 59 at 13.  The United States, however, seeks a civil penalty pursuant to § 248(c)(2)(B) which provides for a penalty "in an amount *not exceeding* $10,000."  18 U.S.C. § 248(c)(2)(B) (emphasis added).  Defendant cites no persuasive basis for the Court to find that the allowance of injunctive relief and a monetary fine capped at $10,000 somehow overcomes Congress' clear intent to have these remedies be civil in nature.  *See Hudson*, 522 U.S. at 100 ("'[O]nly the clearest proof' will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty.") (citation omitted).[4]

Defendant also seeks dismissal on the grounds that the complaint (1) attempts to hold him liable for expressive conduct protected by the First Amendment, (2) alleges

---

[3] These remedies are quite different in kind from, for instance, the loss of citizenship at issue in *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963).

[4] Furthermore, and in any event, defendant does not contend that the injunctive remedies provided for in the statute are penal in nature.

7

conduct occurring "within a public right of way," and (3) fails to adequately plead that any alleged victims were persons "obtaining or providing reproductive health services." Docket No. 59 at 3. The Court will address each argument in turn.

In regard to defendant's first point, the complaint does not allege, as defendant implies, that defendant violated FACE by engaging in peaceful picketing. Rather, it alleges that he used his body to physically obstruct the entrance to the PPRM parking lot. Pursuant to FACE, "'physical obstruction' means rendering impassable ingress to or egress from a facility that provides reproductive health services or to or from a place of religious worship, or rendering passage to or from such a facility or place of religious worship unreasonably difficult or hazardous." 18 U.S.C. § 248(e)(4). The complaint includes allegations that defendant walked into the middle of the driveway in order to obstruct ingress to the facility, *see, e.g.*, Docket No. 1 at 6, ¶ 44 ("Defendant Kenneth Scott stood in the middle of the PPRM driveway and did not move as a vehicle approached to enter the driveway, forcing the vehicle to brake and make a narrow turn into the driveway to avoid hitting Defendant Kenneth Scott."); *id.* at 9, ¶¶ 63-64 ("As a vehicle approached to enter PPRM, Defendant Kenneth Scott, carrying a sign, walked into the middle of the driveway, forcing the vehicle to slow down and navigate around Defendant Kenneth Scott in order to avoid hitting him. Because of Defendant Kenneth Scott's actions, the vehicle stopped in the middle of the driveway and Defendant Kenneth Scott approached the vehicle and started talking to the driver."), and egress from the facility. *See* Docket No. 1 at 4, ¶ 25 ("As the motorcyclist entered the driveway [to exit the facility], Defendant Kenneth Scott, carrying a sign, walked in front of the motorcyclist, who was forced to stop."). The Court finds that these allegations,

accepted by the Court as true for purposes of this motion, sufficiently describe acts of physical obstruction as defined by the statute.[5] Defendant does not challenge the constitutionality of the statute to the extent it prohibits such physical obstruction. *Cf. Cameron v. Johnson*, 390 U.S. 611, 617 (1968) (finding that a statute which prohibited picketing "in a manner which obstructs or unreasonably interferes with ingress or egress to or from the courthouse" did not violate the First Amendment "'since such activity bears no necessary relationship to the freedom to . . . distribute information or opinion'") (quoting *Schneider v. State*, 308 U.S. 147, 161 (1939)).

Defendant also notes that his conduct occurred on a "public right of way" and that the complaint "does not allege that [he] ever entered upon the property of PPRM, nor that he engaged in violence or used profanity, nor that he violated local or state ordinances." Docket No. 59 at 6-7. Defendant, however, provides no support for the position that trespass, violence,[6] use of profanity, or violation of local ordinances are necessary predicates to a FACE violation.

Finally, contrary to defendant's argument, a FACE claim does not rely upon a showing that the alleged victims were in fact attempting to obtain or provide reproductive health services. Rather, courts have found that the statute focuses on the motive for the obstructive conduct, not whether the alleged victims in fact were seeking

---

[5]Having so concluded, the Court expresses no opinion on whether and to what extent any other alleged conduct in the complaint amounts to physical obstruction.

[6]Indeed, by its express terms, FACE covers "nonviolent physical obstruction." 18 U.S.C. § 248(c)(2)(B).

9

to provide or receive reproductive health services.[7]  *See United States v. Retta*, --- F. Supp. 2d ----, 2012 WL 65404, at *3 (D.D.C. Jan. 10, 2012) (noting that courts have "focused on the defendants' motives for acting rather than on the victims' conduct or status") (citing *United States v. Balint*, 201 F.3d 928, 934 (7th Cir. 2000); *Terry v. Reno*, 101 F.3d 1412, 1420 (D.C. Cir. 1996); *New York ex rel. Spitzer v. Cain*, 418 F. Supp. 2d 457, 474-75 (S.D.N.Y. 2006); *United States v. Gregg*, 32 F. Supp. 2d 151, 157 (D.N.J. 1998)).[8]  Defendant cites no contrary authority.  In fact, defendant's citation to the legislative history only further supports the conclusion that the statute includes a "'motive element,'" which was deemed "'important to ensure that the Act is precisely targeted at . . . deliberate efforts to interfere with the delivery of abortion-related services.'" Docket No. 59 at 15 (quoting S. Rep. No. 103-117, at 19 (1993)).[9]

---

[7]Defendant is concerned that, because he does not know whether any of the alleged victims in fact sought to provide or obtain reproductive health services, he will be unable to defend himself.  *See* Docket No. 59 at 15.  That concern is addressed directly by a motive requirement, an element defendant is in a unique position to address.

[8]*Cf. United States v. Dinwiddie*, 76 F.3d 913, 923 (8th Cir. 1996) ("FACE's motive requirement accomplishes . . . the perfectly constitutional task of filtering out conduct that Congress believes need not be covered by a federal statute.  Congress enacted FACE to prohibit conduct that interferes with the ability of women to obtain abortions. FACE's motive requirement targets this conduct while ensuring that FACE does not federalize a slew of random crimes that might occur in the vicinity of an abortion clinic.").

[9]In a motion in limine [Docket No. 163] filed on January 19, 2012, defendant further asserts that FACE was "closely modeled after certain federal civil rights laws" and that he "is not aware of any decision interpreting these statutes which impose liability where the defendant merely *believed* his conduct was directed at someone in the protected category, when that person was not, in fact, in the protected category." Docket No. 163 at 7-8 (emphasis in original).  As the *Retta* court recently recounted, however, civil rights statutes "using similar language have also been interpreted to focus on the defendant's mindset, not the victim's status or conduct." *Retta*, 2012 WL

10

Consistent with FACE's focus on the motive of defendant, rather than the conduct of the victim, the Court agrees that a "FACE Act complaint . . . need only contain allegations establishing that a defendant acted under the belief that his alleged victims were obtaining or providing reproductive health services; allegations that they were *in fact* doing so, accordingly, are not required." *Retta*, 2012 WL 65404, at *5 (emphasis in original).

The complaint alleges that defendant "walks into or stands in the PPRM driveway in order to injure, intimidate, or interfere with persons seeking or providing services from entering or exiting the PPRM parking lot." Docket No. 1 at 3, ¶ 15. Defendant does not contend that these allegations insufficiently allege that he acts "because" of his belief that the individuals he obstructs have or will be "obtaining or providing reproductive health services." 18 U.S.C. § 248(a)(1); *see United States v. Weslin*, 156 F.3d 292, 298 (2d Cir. 1998) (stating, in a criminal FACE case, that "[i]t follows that the defendants, whatever their motive may have been, did intend to obstruct and interfere with the obtaining and provision of reproductive health services as defined by Congress" and concluding "[t]hat is all the intent that the statute requires"). Consequently, and for the reasons stated above, the Court finds that the United States has adequately alleged a violation of FACE.

---

65404, at *4 (citing Title VII, National Labor Relations Act, and Fair Labor Standards Act); *see id.* (citing *Fogarty v. Boles*, 121 F.3d 886, 891 (3d Cir. 1997) ("[T]he discharge of employees under the mistaken impression that they had participated in protected statutory activity is enough to violate the Acts."); *Saffels v. Rice*, 40 F.3d 1546, 1549–50 (8th Cir. 1994); *NLRB v. Parr Lance Ambulance Serv.*, 723 F.2d 575, 580 (7th Cir. 1983)).

11

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant Kenneth Scott's renewed motion to dismiss [Docket No. 59] is DENIED.

DATED January 25, 2012.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge
