IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-01430-PAB-MEH

UNITED STATES OF AMERICA,

     Plaintiff,

v.

KENNETH SCOTT,

     Defendant.

---

### ORDER

---

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 101] filed on October 19, 2011. The magistrate judge recommends that the Court deny the motions to intervene [Docket Nos. 62, 74] filed by Terry Sullivan and Ernie Gero.  In light of Mr. Sullivan's and Mr. Gero's pro se status, the Court must review their filings liberally, *see Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), but the Court may not act as an advocate for a pro se litigant.  *See Hall*, 935 F.2d at 1110.

In its complaint [Docket No. 1], the United States alleges that defendant Kenneth Scott has violated the Freedom of Access to Clinic Entrances Act ("FACE"), 18 U.S.C. § 248 by, on multiple occasions, walking into the entranceway to the parking lot of Planned Parenthood of the Rocky Mountains ("PPRM") as vehicles approach in an attempt to physically obstruct the vehicles from entering or leaving the facility.  The

United States has filed a motion for preliminary injunction [Docket No. 3] seeking to have defendant "and his representatives, agents, employees and any others acting in concert or participation with him, from coming within 25 feet of the Planned Parenthood of the Rocky Mountains ('PPRM') property, from coming within 25 feet of the driveway of PPRM, and from violating the Freedom of Access to Clinic Entrances Act."  Docket No. 3 at 1; *see* Docket No. 1 at 14.  In their motions to intervene, Mr. Sullivan and Mr. Gero contend that they may be considered individuals "acting in concert" with defendant and thus be subject to such an injunction.  Consequently, they seek to intervene in this matter.

Mr. Gero did not file an objection to the Recommendation.  In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").  In this matter, I have reviewed the Recommendation to satisfy myself that there is "no clear error on the face of the record."[1]  *See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, I have concluded that the Recommendation is

---

[1]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

a correct application of the facts and the law.[2]  Therefore, the Court will deny Mr. Gero's

motion to intervene [Docket No. 74].

Mr. Sullivan filed timely objections to the Recommendation.  *See* Docket No.

106.  The length and form of his objections, however, fail to comply with the Local

Rules and this Court's Practice Standards.  *See* D.C.COLO.LCivR 10.1E; Practice

Standards (Civil cases), Judge Philip A. Brimmer § III.A.  Nevertheless, the Court will

consider Mr. Sullivan's objections and subject his motion to de novo review.  *See* Fed.

R. Civ. P. 72(b)(3).

Rule 24 provides, in pertinent part, that a "court must permit anyone to intervene

who . . . claims an interest relating to the property or transaction that is the subject of

the action, and is so situated that disposing of the action may as a practical matter

impair or impede the movant's ability to protect its interest, unless existing parties

adequately represent that interest," Fed. R. Civ. P. 24(a)(2),[3] and that a "court may

permit anyone to intervene who . . . has a claim or defense that shares with the main

action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  In regard to

intervention as of right pursuant to Rule 24(a)(2), the Tenth Circuit has "summarized the

requirements . . . as: (1) the application is timely; (2) the applicant claims an interest

relating to the property or transaction which is the subject of the action; (3) the

applicant's interest may as a practical matter be impaired or impeded; and (4) the

---

[2]The Court notes that Mr. Gero's motion is identical to that filed by Mr. Sullivan. Therefore, the discussion of Mr. Sullivan's motion applies equally in any event.

[3]Although he relies upon Rule 24(a)(1), Mr. Sullivan fails to identify a federal statute that gives him an "unconditional right to intervene." Fed. R. Civ. P. 24(a)(1).

applicant's interest is not adequately represented by existing parties." *United States v. Albert Inv. Co., Inc.*, 585 F.3d 1386, 1391 (10th Cir. 2009) (citations, quotation marks, and alteration omitted).  Permissive intervention pursuant to Rule 24(b)(1)(B) falls within the Court's discretion.  *City of Stilwell, Okl. v. Ozarks Rural Elec. Co-op. Corp.*, 79 F.3d 1038, 1043 (10th Cir. 1996).  For the following reasons, the Court finds that Mr. Sullivan has not established an interest in this dispute that, "as a practical matter," will be "impaired or impeded" or that there is any other basis for the Court to permit him to intervene.

Mr. Sullivan bases his motion and objection on the incorrect assumption that, because the United States referenced those acting "in concert" with defendant, an injunction issued to defendant would somehow automatically "keep all [protestors] 25 feet from the Planned Parenthood driveway."  Docket No. 62 at 2.  The United States' inclusion of "representatives, agents, employees and any others acting in concert or participation with him" in its requested relief simply incorporates the language of Fed. R. Civ. P. 65(d)(2), which provides that an injunction "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)."  That Mr. Sullivan may engage in similar conduct as defendant does not render him an individual acting in "active concert or participation" with defendant, thus subjecting him to any injunction arising out of this case pursuant to Rule 65.  *See Albert Inv. Co.*, 585 F.3d at 1392 ("At minimum, the applicant must have an interest that could be adversely affected by the litigation.").  The Tenth Circuit has interpreted the phrase "persons who

4

are in active concert or participation" to mean those otherwise bound by the order or encompassing arrangements "akin to alter ego, collusion, or identity of interest between a party and a nonparty" as well as "those situations where a nonparty with actual notice aids or abets a named defendant or his privy in violating the order." *Reliance Ins. Co. v. Mast Constr. Co.*, 84 F.3d 372, 377 (10th Cir. 1996) (interpreting similar language in the 1996 version of Rule 65 as it applied to temporary restraining orders) (citations and quotation marks omitted); *See Petersen v. Fee Int'l, Ltd.*, 435 F. Supp. 938, 941-42 (W.D. Okla. 1975) ("The essence of the doctrine is that defendants may not nullify a decree by carrying out prohibited acts through aiders and abettors although they were not parties to the original action."). Mr. Sullivan's filings do not reveal that he falls into these limited categories. Rather, he emphasizes his own independent course of conduct over many years. If the United States seeks to pursue an action against him in the future based on that independent conduct, Mr. Sullivan will have the opportunity to defend himself in such a case. At this stage, however, there is no mandatory basis for intervention. The Court further finds, in the exercise of its discretion, it inappropriate to litigate the legality of Mr. Sullivan's independent conduct in this action.[4] Therefore, the Court will deny his motion to intervene.

For the foregoing reasons, it is

---

[4]Mr. Sullivan points out that the complaint contains allegations regarding "unidentified" protestors. *See, e.g.*, Docket No. 1 at 4, ¶ 23; *see also* Docket No. 1 at 3, ¶ 16 ("At times, other protestors acting in concert with the Defendants, also walk into or stand in the PPRM driveway or the street directly in front of the driveway as vehicles approach to enter or exit the facility."). To date, the United States has not sought to proceed against these individuals. For the reasons stated above, even assuming Mr. Sullivan is one such individual, these references do not turn him into a defendant or automatically subject him to an injunction.

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 101] is ACCEPTED.  It is further

**ORDERED** that the motions to intervene [Docket Nos. 62, 74] filed by Terry Sullivan and Ernie Gero are DENIED.


DATED January 25, 2012.

BY THE COURT:


 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge