IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-01430-PAB-MEH

UNITED STATES OF AMERICA,

      Plaintiff,

v.

KENNETH SCOTT and JO ANN SCOTT,

      Defendants.

---

## Defendant Scott's Answer to the Complaint

---

Defendant Ken Scott, through undersigned counsel, in *Answer* to the Plaintiff's *Complaint,* states as follows:

1.      In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him. However, without waiving this privilege under the *Fifth Amendment*, Defendant **admits** the allegations contained in paragraph 1 of the *Complaint.*

2.      In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 2 of the *Complaint.*

3.      In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 3 of the *Complaint.*

4.      In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him. However, without waiving this privilege under the *Fifth Amendment*, Defendant **admits** the allegations contained in paragraph 4 of the *Complaint.*

5.      In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 5 of the *Complaint.*

6.      In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him. However, without waiving this privilege under the *Fifth Amendment*, Defendant **admits** the allegations contained in paragraph 6 of the *Complaint.*

7.      In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him. However, without waiving this privilege under the *Fifth Amendment*, Defendant **admits** the allegations contained in paragraph 7 of the *Complaint*.

8.      In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 8 of the *Complaint*.

9.      In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 9 of the *Complaint*.

10.      In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him. However, without waiving this privilege under the *Fifth Amendment*, Defendant **admits** the allegations contained in paragraph 10 of the *Complaint*.

11.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 11 of the *Complaint.*

12.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 12 of the *Complaint.*

13.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 13 of the *Complaint.*

14.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 14 of the *Complaint.*

15.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a

reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 15 of the *Complaint.*

16.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 16 of the *Complaint.*

17.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 17 of the *Complaint.*

18.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 18 of the *Complaint.*

19.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link

in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 19 of the *Complaint.*

August 15, 2009 (8:23 a.m.)

20.    In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 20 of the *Complaint.*

21.    In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 21 of the *Complaint.*

22.    In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 22 of the *Complaint.*

August 15, 2009 (9:33 a.m.)

23.    In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link

in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 23 of the *Complaint.*

24.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 24 of the *Complaint.*

25.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 25 of the *Complaint.*

26.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 26 of the *Complaint.*

27.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 27 of the *Complaint.*

August 15, 2009 (9:36 a.m.)

28.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 28 of the *Complaint.*

29.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 29 of the *Complaint.*

30.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 30 of the *Complaint.*

31.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 31 of the *Complaint.*

32.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 32 of the *Complaint.*

33.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 33 of the *Complaint.*

34.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 34 of the *Complaint.*

35.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 35 of the *Complaint.*

36.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a

reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 36 of the *Complaint.*

September 30, 2009

37.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 37 of the *Complaint.*

38.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 38 of the *Complaint.*

39.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 39 of the *Complaint.*

40.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link

in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 40 of the *Complaint.*

41.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 41 of the *Complaint.*

42.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 42 of the *Complaint.*

December 16, 2009

43.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 43 of the *Complaint.*

44.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link

in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 44 of the *Complaint.*

45.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 45 of the *Complaint.*

46.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 46 of the *Complaint.*

47.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 47 of the *Complaint.*

December 23, 2009

48.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link

in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 48 of the *Complaint.*

49.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 49 of the *Complaint.*

50.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 50 of the *Complaint.*

51.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 51 of the *Complaint.*

52.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 52 of the *Complaint.*

<u>January 16, 2010</u>

53.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 53 of the *Complaint.*

54.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 54 of the *Complaint.*

55.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 55 of the *Complaint.*

56.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 56 of the *Complaint.*

57.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 57 of the *Complaint.*

58.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 58 of the *Complaint.*

59.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 59 of the *Complaint.*

60.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 60 of the *Complaint.*

61.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a

15

reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 61 of the *Complaint.*

December 2, 2010

62.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 62 of the *Complaint.*

63.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 63 of the *Complaint.*

64.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 64 of the *Complaint.*

65.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link

in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 65 of the *Complaint.*

66.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 66 of the *Complaint.*

67.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 67 of the *Complaint.*

68.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 68 of the *Complaint.*

December 8, 2010

69.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link

in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 69 of the *Complaint.*

70.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 70 of the *Complaint.*

71.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 71 of the *Complaint.*

72.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 72 of the *Complaint.*

73.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 73 of the *Complaint.*

Allegations against JoAnn Scott

74. – 81.  These paragraphs of the *Complaint* are allegations directed at JoAnn Scott, who is no longer a party to this litigation.

FIRST CLAIM FOR RELIEF AGAINST KEN SCOTT

82.     Defendant repeats his answers set forth in paragraphs 1 – 81, above.

83.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 83 of the *Complaint.*

84.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 84 of the *Complaint.*

85.      In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 85 of the *Complaint.*

86.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 86 of the *Complaint.*

SECOND CLAIM FOR RELIEF AGAINST JOANN SCOTT

87. – 91.These paragraphs of the *Complaint* are allegations directed at Jo Scott, who is no longer a party to this litigation.

92.     In view of the fact that FACE is both a criminal and civil statute, Defendant objects to answering the *Complaint* with specificity and further asserts that, based on a reasonable apprehension, his answering poses a hazard of self-incrimination or of forming a link in a chain of evidence which may incriminate him, and therefore he respectfully asserts his privilege not to answer the allegations contained in paragraph 92 of the *Complaint.*

AFFIRMATIVE DEFENSES

93.     The FACE Act's civil penalties are unconstitutional penal provisions.

94.     The FACE Act by its terms unconstitutionally chills *First Amendment* protected speech by creating a constant threat of multiple civil actions and criminal prosecution and by creating the threat of excessive financial penalties, any of which and the combined effect of which cause Defendant or others similarly situated to steer wide of, or refrain altogether from freely exercising their *First Amendment* rights in a public forum on religious topics and on topics of public concern.

95.     Any acts of the Defendant set forth in the *Complaint* are protected by the Safe Harbor provisions of the FACE Act contained in 18 U.S.C. §248(d).

96.     The FACE Act as applied to the Defendant is not narrowly tailored, thus violating his rights under the *First Amendment* by virtue of a presumption of an intent to violate FACE simply by the act of picketing and leafleting, together with a de facto elimination of the elements defined by 18 U.S.C. §248(e)(5).

WHEREFORE, Defendant prays that the Court will grant judgment to the Defendant, awarding him costs and reasonable attorneys fees allowed by law, including by the Equal Access to Justice Act, and grant such other and further relief that the Court deems just and proper.

Submitted this 8th day of February, 2012.

HACKSTAFF LAW GROUP LLC                THOMAS MORE SOCIETY


By:     *s/ Rebecca R. Messall*              By:     *s/ Peter Breen*
        1601 Blake Street, Suite 310                  29 S. LaSalle, Ste. 410
        Denver, Colorado 80202                        Chicago, IL 60603
        Telephone: 303-534-4317                       Telephone: 312-782-1680
        rm@hackstafflaw.com                           pbreen@thomasmoresociety.net


## CERTIFICATE OF SERVICE

I certify that on this 8th day of February, 2012 the foregoing **Defendant Scott's Answer to the Complaint** was filed electronically with Clerk of the Court using the CM/ECF System which will provide notice of such filing to all registered parties.

By: *s/ Inga Dietzman*